UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTES NIYUM BROOKS, )<br>)<br>Petitioner, )<br>vs. ) No. 2:12-cv-224-JMS-MJD<br>)<br>J.F. CARAWAY,[1] )<br>)<br>Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Martes Niyum Brooks is confined in this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 1, 2005, Brooks pled guilty to being a felon in possession of a firearm. He was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924, because he had three prior violent felonies. Brooks did not appeal his conviction or sentence or file a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Now, Brooks challenges his sentencing as as armed career criminal via 28 U.S.C. § 2241.

A § 2241 petition by a federal prisoner is generally limited to challenges to the execution, not the validity, of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). A "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal quotation omitted). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

---

[1] The petitioner's current custodian is **substituted** as the proper respondent.

Brooks contends that he is no longer properly categorized as an armed career criminal due to recent changes in the law, announced by the Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 129 S. Ct. 687 (2009). The question here thus becomes whether § 2255 gives Brooks a meaningful opportunity to challenge his § 924(c) conviction.

Brooks has not argued that his habeas claim would not be cognizable under § 2255 or that such an action is not available to him. Even had he done so, it is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986). Thus, for example, a petitioner cannot show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available because the deadline for filing such a motion has passed. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing.").

Brooks has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. The savings clause of 28 U.S.C. § 2255(e) is thus not available to him for that purpose. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/30/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Martes Niyum Brooks
Reg. No. 07688-041
Terre Haute Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Gerald.coraz@usdoj.gov